I concur with the majority's opinion. I write separately because I believe that the majority opinion fails to address one of appellee's arguments. In their brief, the Ferrandos argue that the trial court's settlement and the governing law in this case were not in conflict with Ohio law as it currently stands. Further, the Ferrandos allege that the trial court's reasoning was in line with the majority rule in the United States that an insurer may not escape liability on the basis of a settlement without a consent exclusion unless the insurer is actually prejudiced by the insured's settlement with the tortfeasor.
Although McDonald v. Republic-Franklin Ins. Co. (1989), 45 Ohio St.3d 27, is not on point with the instant case, it is significant to the analysis here. The majority cited Bogan v. Progressive Cas. Ins. Co. (1988),36 Ohio St.3d 22, paragraph four of the syllabus, which states that a subrogation clause is a valid and enforceable precondition for the provision of underinsured motorist coverage. However, although the Bogan
case was not entirely overruled by the Supreme Court, it was modified inMcDonald. In McDonald, 45 Ohio St.3d at paragraph two of the syllabus, the Supreme Court concluded that:
 "[w]hen an insured has given his underinsurance carrier notice of a tentative settlement prior to release, and the insurer has had a reasonable opportunity to protect its subrogation rights by paying the underinsured motorist benefits before the release but does not do so, the release will not preclude recovery of underinsurance benefits."
 The McDonald case overruled paragraph five of the syllabus of the Bogan case, which held that "[a]n insurer providing underinsured motorist coverage is not required to give its consent to a proposed settlement, the terms of which would destroy its right of subrogation provided within the underinsured motorist insurance policy." The Supreme Court stated that the language in paragraph five of the Bogan syllabus was too broad and to the extent that the Bogan case was inconsistent with McDonald, it was overruled. McDonald
at 30-31.
Therefore, although I concur with the judgment in this matter, I do so with reluctance because of the majority's failure to address the Ferrandos' modification of McDonald argument.